FILED
2022 Jan-11  AM 11:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# 1

DOCUMENT 2



ELECTRONICALLY FILED
12/9/2021 1:36 PM
01-CV-2021-903593.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**ALICIA CATLEDGE,**

       **Plaintiff,**

                                   Civil Action No.  CV-2021-_____

**V.**

**SCHNEIDER NATIONAL BULK CARRIERS, INC.,** a corporation; **GEICO CASUALTY COMPANY,** a corporation; there may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all Legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity."  In the present action the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

**Defendants A, B and C,** that person who was operating the vehicle which permitted, caused or allowed a vehicle to collide with the automobile occupied by Alicia Catledge;

**Defendant D, E and F,** that entity on whose behalf the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Alicia Catledge was being operated;

**Defendant G, H and I,** that entity who was the employer of the driver of the vehicle which permitted, caused or allowed a vehicle to collide with the automobile occupied by Alicia Catledge;

**Defendant J, K and L,** that entity which owned the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Alicia Catledge;

**Defendant M, N and O,** that entity who controlled the operation of the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Alicia Catledge;

**Defendant P, Q and R,** that entity which entrusted the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Alicia Catledge to the driver of said vehicle;

**Defendant S, T and U,** that entity which maintained the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Alicia Catledge;

**Defendants V, W and X,** that entity which either sold, gave, or otherwise provided intoxicating beverages to the operator of the vehicle which collided with the vehicle occupied by Alicia Catledge;

**Defendants BB, CC and DD,** that entity who designed, manufactured or otherwise marketed the vehicle that Alicia Catledge was occupying at the time of the incident made the subject matter of this lawsuit;

**Defendants EE, FF and GG,** that entity which provided any insurance coverage whatsoever to the named and/or fictitious parties in this lawsuit;

      **Defendants.**

---

## COMPLAINT

---

1.      The Plaintiff, Alicia Catledge, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.

2.      Fictitious Defendant(s) A, B and C, upon information and belief, is an adult over the age of nineteen (19) years who is employed by Defendant Schneider National Bulk Carriers, Inc. This Defendant's name, service address, and identity is currently unknown to the Plaintiff.

3.      The Defendant, Geico Casualty Company, is an insurance company doing business in the State of Alabama.

4.      The Defendant, Schneider National Bulk Carriers, Inc., is a firm, partnership, company or corporation licensed to do business in the State of Alabama.

### COUNT I
### Negligence/Wantonness

5.      Plaintiff avers that on October 23, 2020, on a public highway, to-wit: Highway I-59 in Jefferson County, Alabama, Fictious Defendant(s) A, B and C negligently or wantonly permitted, allowed, or caused a motor vehicle to collide with the vehicle occupied by Alicia Catledge.

6.     As a direct or proximate consequence of the negligence or wantonness of the Defendant(s), the Plaintiff, Alicia Catledge, was caused to suffer the following injuries and damages:

(a)     she was caused to suffer physical pain and mental anguish;

(b)     she was caused to seek medical treatment and was prevented from going about her normal activities;

(c)     she was permanently injured;

(d)     she was caused to incur medical expenses to treat and cure her injuries;

(e)     she was caused to lose wages both past and future;

(f)     her vehicle was rendered less valuable; and

(g)     she was caused to be injured and damaged, all to her detriment.

7.     Plaintiff avers that the negligent or wanton conduct of the Defendant(s) directly or proximately caused the Plaintiff's injuries as herein above alleged.

WHEREFORE, Plaintiff hereby demands of the Defendant(s), real and Fictitious, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

## COUNT II
## Underinsured/Uninsured Motorist Coverage
## (as against Geico Casualty Company)

8.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 7 as if fully set out herein.

9.     Plaintiff Alicia Catledge avers that at the time of the occurrence made the basis of this lawsuit, there was in full force and effect a policy of automobile insurance issued by Geico Casualty Company which provided underinsured/uninsured motorist automobile coverage to Plaintiff.

3

10.     Plaintiff Alicia Catledge has charged Fictitious Defendant(s) A, B and C with negligent or wanton operation of a motor vehicle proximately causing the injuries and damages complained of herein.

11.     Plaintiff avers that Defendant Fictitious Defendant(s) A, B and C is an uninsured/underinsured motorist as defined by her policy with Geico Casualty Company, and/or that this incident was caused by a hit-and-run circumstance and/or a "phantom vehicle" as defined by her policy.

12.     The Plaintiff further avers that Geico Casualty Company has failed or refused to pay UM/UIM benefits to the Plaintiff in accordance with her policy.

**WHEREFORE,** the Plaintiff, Alicia Catledge, demands judgment against Geico Casualty Company for those damages in excess of the policy limits provided to Defendant, Fictitious Defendant(s) A, B and C and/or his or her employer, up to the amount of insurance provided by Geico Casualty Company.

## COUNT III
### Negligent/Wanton Hiring, Training and Supervision

13.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

14.     Defendant Schneider National Bulk Carriers, Inc. hired Fictitious Defendant(s) A, B and C as an employee or agent with actual knowledge that Fictitious Defendant(s) A, B and C would be responsible for operating a motor vehicle on Alabama's roadways within the line and scope of their employment.

15.     At the time of the occurrence forming the basis of Plaintiff's Complaint, Fictitious Defendant(s) A, B and C was/were acting as the agent, servant and/or employee of Defendant Schneider National Bulk Carriers, Inc. Further, the commercial motor vehicle being operated by

4

Fictitious Defendant(s) A, B and C was operating under the authority of or the apparently authority of Defendant Schneider National Bulk Carriers, Inc.

16.    As Fictitious Defendant(s) A, B and C's principal and/or employer, Defendant Schneider National Bulk Carriers, Inc. had a duty to exercise due and proper diligence in its hiring, training and/or supervision of its employees.

17.    Upon information and belief, Defendant Schneider National Bulk Carriers, Inc. negligently or wantonly hired, trained and supervised Fictitious Defendant(s) A, B and C in that it failed to ascertain whether Fictitious Defendant(s) A, B and C was/were a safe and skillful driver, failed to adequately train Fictitious Defendant(s) A, B and C in the safe operation of a motor vehicle and failed to properly supervise in their operation of a commercial motor vehicle.

18.    As a proximate consequence thereof, Plaintiff Alicia Catledge suffered reasonably foreseeable injuries as outlined above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Alicia Catledge requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendant Schneider National Bulk Carriers, Inc. (and all other Defendants, real and fictitious, jointly and severally) for compensatory and punitive damages in an amount that adequately reflects the enormity and wrongfulness of the Defendants' conduct and that will effectively prevent other similar wrongful acts by Defendants in the future.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT IV
### Respondeat Superior

19.    Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

20.    At the time of the occurrence forming the basis of Plaintiff's Complaint, Defendant

Schneider National Bulk Carriers, Inc. was the principal and/or employer of Fictitious Defendant(s) A, B and C.

21.    At the time of the occurrence forming the basis of the Plaintiff's Complaint, Fictitious Defendant(s) A, B and C was acting as the agent, servant and/or employee of Defendant Schneider National Bulk Carriers, Inc.

22.    At the time of the occurrence forming the basis of the Plaintiff's Complaint, Fictitious Defendant(s) A, B and C was/were acting within the line and scope of their employment with Defendants Schneider National Bulk Carriers, Inc.

23.    At the time of the occurrence forming the basis of the Plaintiff's Complaint, Fictitious Defendant(s) A, B and C was/were operating a vehicle in the furtherance of the business purposes of Defendant Schneider National Bulk Carriers, Inc.

24.    As a result of the foregoing, Defendant Schneider National Bulk Carriers, Inc. is *vicariously liable* to Plaintiff Alicia Catledge for the negligent or wanton conduct of Fictitious Defendant(s) A, B and C that proximately caused Plaintiff's injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Alicia Catledge requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendants, Schneider National Bulk Carriers, Inc. and Fictitious Defendant(s) *jointly and severally*, for compensatory and punitive damages, in an amount that adequately reflects the enormity and wrongfulness of the Defendants' conduct and that will effectively prevent other similar wrongful acts by Defendants in the future.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

6

## COUNT V
### Fictitious Defendants

25.    Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

26.    Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "A through GG", combined and concurred to directly or proximately cause the Plaintiff's injuries and damages set out in **COUNT I, COUNT II, COUNT III** and **COUNT IV** above.  Defendants, "A through GG", whose current names and identities are unknown to the Plaintiff at the present time will be correctly named and identified by amendment when properly ascertained.

WHEREFORE, the Plaintiff claims of the Fictitious Defendants, "A through GG", damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

**FARRIS, RILEY & PITT, L.L.P.**

*/s/ Kirby D. Farris*
Kirby D. Farris (FAR030)
*Attorney for the Plaintiff*

*/s/ Jessica M. Zorn*
Jessica M. Zorn (ZOR001)
*Attorney for the Plaintiff*

OF COUNSEL:

**Farris, Riley & Pitt LLP**
The Financial Center
505 20th Street North
Suite 1700
Birmingham, Alabama 35203
Tel: (205) 324-1212
Fax: (205) 324-1255
*kfarris@frplegal.com*
*jzorn@frplegal.com*

7

THE PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

/s/ Jessica M. Zorn
Jessica M. Zorn (ZOR001)
*Attorney for the Plaintiff*

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
ALONGSIDE THE CONCURRENTLY FILED
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS:

Geico Casualty Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

Schneider National Bulk Carriers, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

/s/ Jessica M. Zorn
Jessica M. Zorn (ZOR001)
*Attorney for the Plaintiff*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2021-903593.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**ALICIA CATLEDGE V. GEICO CASUALTY COMPANY ET AL**

NOTICE TO: GEICO CASUALTY COMPANY, 2 N. JACKSON ST., STE 605 C/O CT CORP. SYSTEM, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JESSICA MARIE ZORN
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 505 20TH STREET NORTH, SUITE 1700, BIRMINGHAM, AL 35203
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ALICIA CATLEDGE pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 12/09/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JESSICA MARIE ZORN
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
in _____ *(Name of Person Served)* _____ County, *(Name of County)*
Alabama on _____ *(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

DOCUMENT 3

ELECTRONICALLY FILED
12/9/2021 1:36 PM
01-CV-2021-903593.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

**ALICIA CATLEDGE,**

     **Plaintiff,**

**V.**

Civil Action No. __CV-2021-_____

**SCHNEIDER NATIONAL BULK
CARRIERS, INC.,** a corporation;
**GEICO CASUALTY COMPANY,**
a corporation; *et al.,*

     **Defendants.**

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SCHNEIDER NATIONAL BULK CARRIERS, INC.

COMES NOW the Plaintiff in the above-styled cause and propounds the following Interrogatories and Requests for Production of Documents to be answered by Defendant, Schneider National Bulk Carriers, Inc.

These discovery requests shall be deemed continuing in nature and Defendant is required to update all responses herein prior to trial if Defendant receives or gains access to additional information, which would require an update.

### INSTRUCTIONS

1.     You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests.

2.     Each Interrogatory shall be answered separately and fully in writing under oath.

3.     All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests.

4.     With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

      i.     type of document or thing (e.g., memorandum, letter, etc.);

      ii.    author(s);

      iii.   recipient(s);

      iv.   subject matter;

      v.    nature of privilege asserted or other objections;

      vi.   the part of the document withheld; and

      vii.  a description of the thing withheld.

5.     If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

      a.    type of document or thing (e.g. letter, memorandum, etc.);

      b.    author(s)

      c.    recipient(s)

      d.    the approximate or actual date of the document;

      e.    subject matter;

      f.    the person who destroyed or otherwise disposed of the document or thing;

      g.    in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;

      h.    the date of destruction or disposition; and

      i.    the reason for destruction of disposition.

## DEFINITIONS

1. "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2. "You" or "your" means Schneider National Bulk Carriers, Inc. in this action, its agents, officers, directors, employees, representatives, or other entities acting or purporting to act on its behalf.

3. "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4. "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting,

3

conversation, discussion, correspondence, or any other form of oral or written interchange.

5.  "Identify" has the following meanings in the following contexts:

      a.   when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;

      b.   when used with respect to a place or location, to provide the address, city, county, and state where that place is located;

      c.   when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;

      d.   when used with respect to a transaction, occurrence, or act, to set forth the event or events constituting such a transaction, occurrence, or act, the location of the same, and the date and the persons participating in the same.

6.      The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable, in whatever form and however and by whomever made. Please note that "document(s)" as so defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy: statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing.

4

7.     "Collision" refers to the collision between the vehicle driven by Alicia Catledge and the commercial vehicle alleged to be owned and/or operated by and/or under the authority/apparent authority of Defendant Schneider National Bulk Carriers, Inc. and/or its employee/agent, Fictitious Defendant(s) A, B and C, on or about October 23, 2020 on I-59 in Jefferson County, Alabama.

8.     "Driver" refers to the driver of the tractor-trailer owned by or operated under the authority or apparent authority of this Defendant on October 23, 2020 on I-59 in Jefferson County, Alabama which allegedly struck the vehicle occupied by Alicia Catledge. If multiple trucks owned or operated under the authority of Schneider National Bulk Carriers, Inc. were scheduled, expected, or shown (through GPS tracking data) to be travelling along I-59 southbound in Jefferson County, Alabama on October 23, 2020, then the term "driver" shall refer to all the drivers of each and every commercial motor vehicle fitting that description.

---

**NOTE:** To assist the Defendant in identifying the truck involved in this incident and/or the driver of the motor vehicle, the Plaintiff avers that this collision occurred at or near latitude coordinate 33° 31' 8.002" N and longitude coordinate 86° 51' 43.464" W, or near mile marker 122.6 on I-59 south.

---

## INTERROGATORIES

1.     State the full name, residence address, telephone number and relation (if any) to the Defendants in this case of all people who assisted in any way to answer these Interrogatories.

**RESPONSE:**

2.     Please identify by model, cargo load, physical description (including color) and pictures (if available) any vehicle owed by or operated under the authority of Schneider National Bulk Carriers, Inc. which was scheduled, expected, or shown (through GPS tracking data) to be

5

transporting goods or otherwise travelling along Highway I-59 southbound in Jefferson County, Alabama[1] on the afternoon of October 23, 2020.

**RESPONSE:**

      3.     Does this Defendant own, lease, or lend its DOT operating authority to any tractor, trailer, or commercial motor vehicle scheduled, expected, or shown (through GPS tracking data) to be transporting goods or otherwise travelling in Alabama on October 23, 2020 which is red in color (either the truck or the trailer)?  If so, please identify each truck fitting that description by model, cargo load, physical description (including color), driver on the date of this incident, and pictures (if available).

**RESPONSE:**

      4.     State the full names, dates of birth, job titles, and current residence addresses of the driver(s) who were operating any vehicle owed by or operated under the authority of Schneider National Bulk Carriers, Inc. which was scheduled, expected, or shown (through GPS tracking data) to be transporting goods or otherwise travelling along Highway I-59 southbound in Jefferson County, Alabama on the afternoon of October 23, 2020.

**RESPONSE:**

      5.     Please describe, in detail, any and all efforts this Defendant has made thus far to identify the commercial motor vehicle and/or driver involved in this incident since the date it became aware of the Plaintiff's claim(s).

**RESPONSE:**

      6.     State the full name and current residence address of each person who witnessed or

---

[1] To assist this Defendant in answering this interrogatory, the Plaintiff avers that this collision occurred at or near latitude coordinate 33° 31' 8.002" N and longitude coordinate 86° 51' 43.464" W, or near mile marker 122.6 on I-59 south.

6

claims to have witnessed the collision forming the basis of this lawsuit.

**RESPONSE:**

7.      Identify this Defendant's Safety Director at the time of the collision forming the basis of this lawsuit and identify this Defendant's current Safety Director.

**RESPONSE:**

8.      Describe with particularity the load(s) that the Defendant or its driver was hauling at the time of the collision forming the basis of this lawsuit.

**RESPONSE:**

9.      Describe your driver's trip on the date of the collision forming the basis of this lawsuit, including the point of origin, the destination, any stops and the purpose of the trip.

**RESPONSE:**

10.      Identify all owners, lessors and lessees of the tractor and chassis involved in the collision forming the basis of this lawsuit, providing the name, address and interest in the tractor and trailer.

**RESPONSE:**

11.      Identify all policies of liability insurance effective on the date of the collision forming the basis of this lawsuit, including MCS-90 endorsements, policies that provide excess or umbrella coverage, which may provide coverage for this claim.  For each such policy, identify the name of the company providing coverage, the policy number(s), the effective period(s) and the maximum liability limit(s) for each person and each occurrence, including property damage and medical payment coverage.

**RESPONSE:**

12.      Describe all traffic citations the driver received for a period of five (5) years before

7

the collision forming the basis of this lawsuit, including the violation for which he was cited, the disposition of the citation, the state and court and whether the violation was in a commercial or personal vehicle.

**RESPONSE:**

13.     State whether the Defendant or anyone acting on the Defendant's behalf has had any conversations with any witness or potential witness at any time with regard to the collision forming the basis of this lawsuit. If so, state:

       a.     The name, contact information, and relationship of the individual to the event forms the basis of the suit (are they a witness? additional claimant?);

       b.     The date or dates of such conversations;

       c.     The people present for such conversations;

       d.     Whether a statement was written or recorded; and

       e.     Who has possession of the statement if written or recorded.

**RESPONSE:**

14.     Identify all policies, procedures, manuals and/or guidelines that the Driver was required to comply with on the date of the collision forming the basis of this lawsuit.

**RESPONSE:**

15.     Identify all procedures used by the Defendant to audit logs of drivers (whether those logs be inspection logs, maintenance logs, or travel logs). If this function is outsourced to another company, identify that company by name and address.

**RESPONSE:**

16.     Describe all training provided by this Defendant to the Driver at any time.

**RESPONSE:**

8

17.     State whether any discipline or adverse action was imposed on the Driver as a result of the collision forming the basis of this lawsuit.  If so, describe the action with particularity.

**RESPONSE:**

18.     Identify all inspections performed on the tractor and trailer involved in the collision forming the basis of this lawsuit for three (3) months prior to the collision.  For each such inspection, identify whether the inspection revealed any defects, and describe any such defects with particularity.

**RESPONSE:**

19.     State whether the driver had, on the date of the collision and during the five (5) years prior to the collision, a medical or physical condition that required a physician's report or letter of approval to drive a commercial vehicle.  If so, state the nature of the condition, the date of diagnosis and identify the treating physician by name and address.

**RESPONSE:**

20.     State whether the Driver consumed any alcohol, other intoxicating substances, or prescription medication within thirty-six (36) hours of the collision forming the basis of this lawsuit.  If so, identify the type and quantity of substance consumed, where it was consumed and who was present with the driver when it was consumed.

**RESPONSE:**

21.     State the name and address of each witness who will testify at trial in this case.

**RESPONSE:**

22.     State all federal motor carrier numbers and or DOT numbers issued to the Defendant.

**RESPONSE:**

DOCUMENT 3

9

23.     State the weight of the tractor, individually, and the weight of the load hauled by the tractor, individually, at the time of the collision forming the basis of this lawsuit.

**RESPONSE:**

24.     Identify each expert witness you intend to call at the trial of this lawsuit, their specialty with a summary of their qualifications, their expected area and topic of testimony, and a summary of their opinions.

**RESPONSE:**

25.     Identify each step in the hiring process taken by the Defendant at the time the Driver was hired.

**RESPONSE:**

26.     State whether the tractor was equipped, at the time of the collision forming the basis of this lawsuit, with a GPS, satellite communication and/or e-mail communication device.  If so, identify the make and model of the system.

**RESPONSE:**

27.     Please state how often the driver of the truck had driven that exact truck in the six (6) months prior to the incident made the basis of this suit.

**RESPONSE:**

28.     Please state whether this Defendant undertook an investigation of this accident at any time.  If so, please state:

        a.     who did the investigation;

        b.     what the investigation consisted of, including names of witnesses interviewed, items analyzed, etc.;

        c.     any conclusions drawn or facts discovered during the investigation;

10

c.      whether pictures were taken; and

d.      what evidence was collected.

**RESPONSE:**

29.     Did this Defendant receive notice of any commercial motor vehicle in its possession, under its control, or operated by its agent(s)/employee(s) in Jefferson County, Alabama on or about October 23, 2020 which sustained physical, mechanical or cosmetic damage in the two months during and after this incident?  If so, please describe the damage by location of damage, description, pictures, cost of repair, which truck(s) sustained the damage, the driver(s) of each truck when the damage was sustained, and reported cause of damage.

**RESPONSE:**

## **REQUESTS FOR PRODUCTION**

1.      Produce bills of lading and any other documents evidencing the shipment being hauled by the driver prior to the collision forming the basis of this lawsuit.

**RESPONSE:**

2.      Produce all contractual or other written agreements between any defendant in this case and/or this Defendant's driver and itself, including, but not limited to, indemnity and hiring agreements.

**RESPONSE:**

3.      Produce the Driver's daily logs for the day of the collision forming the basis of this lawsuit, and for the one (1) month period prior to the collision, together with all material required by 49 C.F.R. 396.8 and 395.15 for the driver involved in this collision.

**RESPONSE:**

4.      Produce all existing vehicle inspection reports required by 49 C.F.R. 396.11 for the

11

vehicle involved in the collision forming the basis of this lawsuit.

**RESPONSE:**

5.      Produce all existing daily inspection reports for the tractor and the chassis involved

in the collision forming the basis of this lawsuit.

**RESPONSE:**

6.      Produce all existing annual inspection reports for the tractor and chassis involved

in the collision forming the basis of this lawsuit.

**RESPONSE:**

7.      Produce the Driver's complete Driver Qualification File, as required by 49 C.F.R.

391.51, including, but not limited to:

a.      Application for employment;

b.      CDL license;

c.      Driver's certification of prior traffic violations;

d.      Driver's certification of prior collisions;

e.      Driver's employment history;

f.      Inquiry into driver's employment history;

g.      Pre-employment MVR;

h.      Annual MVR;

i.      Annual review of driver history;

j.      Certification of road test;

k.      Medical examiner's certificate;

l.      Drug testing records; and

m.      HAZMAT or any other training materials and documents.

12

**RESPONSE:**

8.      Produce all existing photographs, video, computer-generated media and/or other recordings of the interior or exterior of the vehicles involved in the collision forming the basis of this lawsuit.

**RESPONSE:**

9.      Produce all existing photographs, video, computer-generated media and/or other recordings of the scene of the collision forming the basis of this lawsuit.

**RESPONSE:**

10.      Produce all photographs, video, computer-generated media and/or other recordings of the Plaintiff generated pursuant to surveillance of the Plaintiff.

**RESPONSE:**

11.      Produce the driver's post-collision alcohol and drug testing results.

**RESPONSE:**

12.      Produce any lease contracts covering the Driver, any other Defendant, the tractor or the chassis involved in the collision forming the basis of this lawsuit.

**RESPONSE:**

13.      Produce any electronic data and printout from on-board recording devices, including, but not limited to, the ECM (electronic control module), the EDR (electronic data recorder), any on-board computer, tachograph, trip monitor, trip recorder, trip master, GPS-enabled tracking device or any other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the tractor and trailer involved in the collision forming the basis of this lawsuit.

**RESPONSE:**

13

14.     Produce any post-collision maintenance, inspection, repair records or invoices pertaining to the tractor and chassis involved in the collision forming the basis of this lawsuit.

**RESPONSE:**

15.     Produce any weight tickets, fuel receipts, hotel bills, tolls or other records of expenses, regardless of category, pertaining to the Driver, the tractor and the chassis involved in this collision for the day of the collision.

**RESPONSE:**

16.     Produce any trip reports, dispatch records or trip envelopes pertaining to the driver, the tractor and the trailer involved in the collision for the day of this collision.

**RESPONSE:**

17.     Produce any emails, electronic messages, letters, memos, correspondence or other communications generated by or received by any Defendant and pertaining in any way to this collision.

**RESPONSE:**

18.     Produce the accident register maintained by the motor carrier for the one (1) year period preceding the collision forming the basis of this lawsuit.

**RESPONSE:**

19.     Produce any drivers' manuals, guidelines, rules, regulations, and other training/disciplinary/administrative documents given to the driver at any time by this Defendant.

**RESPONSE:**

20.     Produce any reports, memos, notes, logs or other documents evidencing complaints about the driver involved in the collision forming the basis of this lawsuit.

**RESPONSE:**

DOCUMENT 3

14

21.     Produce any downloadable electronic data generated by the tractor or trailer's computer systems, including but not limited to Electronic Control Modules (ECM's), Event Data Recorders (EDR's), Anti-Lock Brake Modules, VORAD collision warning systems and other similar systems.

**RESPONSE:**

22.     Produce the pre-trip inspection report completed by the driver for the trip involved in this collision.

**RESPONSE:**

23.     Produce the entire personnel file pertaining to the driver.

**RESPONSE:**

24.     Produce all diagrams, surveys, sketches or reproductions of the vehicles or the scene of the collision forming the basis of this lawsuit.

**RESPONSE:**

25.     Produce all manuals, statutes, standards, guidelines, rules, regulations or procedures that the Defendant will use or rely upon in the defense of the Plaintiff's lawsuit.

**RESPONSE:**

26.     Produce all accident reports, police reports and/or investigation reports regarding the collision forming the basis of this lawsuit.

**RESPONSE:**

27.     Produce all training or instructional videotapes, CD's, DVD's, electronic modules, books or other documents or materials used by the Defendant to train any of its drivers at any time

15

during the five (5) years prior to the collision forming the basis of this lawsuit.

**RESPONSE:**

28.     Produce all documents pertaining to any disciplinary actions taken against the driver of the tractor and trailer involved in the collision forming the basis of this lawsuit at any time during the three (3) years prior to the collision.

**RESPONSE:**

29.     Produce all cell phone records pertaining to calls made or received by the driver on the date of the collision forming the basis of this lawsuit; alternatively, state the name of the driver's cell phone provider and the phone number and account number assigned by the cell phone provider.

**RESPONSE:**

30.     Produce copies of all documents or other materials the Defendant has obtained or will obtain during the course of this litigation by Rule 45 subpoena(s).

**RESPONSE:**

31.     Produce color copies of any pictures referenced in the interrogatories above, including interrogatory numbers 2, 3, 28 and 29.

**RESPONSE:**

Submitted alongside the Plaintiff's Complaint on this 9th day of Dec., 2021:

**FARRIS, RILEY & PITT, L.L.P.**

*/s/ Kirby D. Farris*
Kirby D. Farris (FAR030)
*Attorney for the Plaintiff*

*/s/ Jessica M. Zorn*
Jessica M. Zorn (ZOR001)
*Attorney for the Plaintiff*

16

OF COUNSEL:

**Farris, Riley & Pitt LLP**
The Financial Center
505 20th Street North
Suite 1700
Birmingham, Alabama 35203
Tel: (205) 324-1212
Fax: (205) 324-1255
*kfarris@frplegal.com*
*jzorn@frplegal.com*

<div style="border:1px solid black;">

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
ALONGSIDE THE CONCURRENTLY FILED COMPLAINT:**

Geico Casualty Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104


Schneider National Bulk Carriers, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104


                                        */s/ Jessica M. Zorn*_____
                                        Jessica M. Zorn (ZOR001)
                                        *Attorney for the Plaintiff*

</div>

DOCUMENT 4

ELECTRONICALLY FILED
12/9/2021 1:36 PM
01-CV-2021-903593.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

**ALICIA CATLEDGE,**

       **Plaintiff,**

                              **Civil Action No. _CV-2021-_____**

**V.**

**SCHNEIDER NATIONAL BULK
CARRIERS, INC., a corporation;
GEICO CASUALTY COMPANY,
a corporation;** *et al.,*

       **Defendants.**

---

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GEICO CASUALTY COMPANY

---

COMES NOW the Plaintiff and submits the following Interrogatories and Requests for Production of Documents to Defendant Geico Casualty Company to be answered pursuant to *Alabama Rules of Civil Procedure* 33 and 34:

### INSTRUCTIONS

1.      You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2.      Each Interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

3.      All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

4.      With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

          i.      The type of document or thing (e.g., memorandum, letter, etc.);

          ii.     The identity of the person(s) who prepared the document, who signed it, and over whose name it was issued;

1

DOCUMENT 4

    iii.    The identity of the intended recipient(s);

    iv.    The nature and substance matter of the document with sufficient particularity to enable the Court and parties to identify the document;

    v.    The nature of privilege asserted or other objections;

    vi.    The identity of the person(s) having custody or control over said document(s) and to whom it was distributed;

    vii.    The number of pages; and

    viii.    Whether any non-privileged or non-protected matter is included in the document.

5.    If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

    i.    type of document or thing (e.g. letter, memorandum, etc.);

    ii.    author(s)

    iii.    recipient(s)

    iv.    the approximate or actual date of the document;

    v.    subject matter;

    vi.    the person who destroyed or otherwise disposed of the document or thing;

    vii.    in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;

    viii.    the date of destruction or disposition; and

    ix.    the reason for destruction of disposition.

## DEFINITIONS

1.    "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.    "You" or "your" means Defendants, agents, officers, directors, employees, representatives, or other entities acting or purporting to act on its behalf.

3.    "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4.      "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.      "Identify" has the following meanings in the following contexts:

      i.      type of document or thing (e.g. letter, memorandum, etc.);

      ii.     author(s)

      iii.    recipient(s)

      iv.     the approximate or actual date of the document;

      v.      subject matter;

      vi.     the person who destroyed or otherwise disposed of the document or thing;

      vii.    in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;

      viii.   the date of destruction or disposition; and

      ix.     the reason for destruction of disposition.

6.      The words "Document" or "Documents" are used to refer to the full scope of documents, whether in electronic or hard copy, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made.  Please note that "document(s)" as so defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy: statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing whether in electronic or hard copy.

DOCUMENT 4

## <u>INTERROGATORIES</u>

1.      State whether you are correctly named as the Defendant.

**<u>RESPONSE</u>:**

2.      Please state if contracts of insurance issued by you to the Plaintiff (or covering the Plaintiff) were in force and effect at the time of the incident made the basis of this suit.

**<u>RESPONSE</u>:**

3.      Please give the following information concerning the policy of insurance:

      a.      The named, or additional, insurance dollars;

      b.      The limits of coverage;

      c.      The effective dates of the policy.

**<u>RESPONSE</u>:**

4.      Have you taken any written statements, either signed or unsigned, from the Plaintiff or from any of the witnesses to this accident?  If so, give the name and address of the person or persons from whom statements were taken and produce any statement from the Plaintiffs.

**<u>RESPONSE</u>:**

5.      Do you claim that the Plaintiff was negligent in any way which contributed to the occurrence of the accident made the basis of this suit?  If your answer is in the affirmative, then please answer the following questions:

      a.      Specifically, in what manner do you claim the Plaintiff was negligent?

      b.      Do you make any claim by way of defense with respect to assumption of risk, or waiver, or scope of employment?

**<u>RESPONSE</u>:**

6.      State the name and address of any witness required to be disclosed by the Alabama

4

Rules of Civil Procedure.

**RESPONSE:**

7.     With regard to any experts that you expect to testify in the event of trial in the above-styled cause, please give:

      a.     The names and addresses of the experts and give the opinions of each of these experts and summarize in detail the facts and evidence and reasons upon which these opinions are based.

      b.     If an expert has rendered a written report, then state the name and address of the person who has in his custody a copy of the report and the date of any such report.

**RESPONSE:**

8.     State the name, address and relationship to you of the person who provides the information or makes the inquiry to ascertain the necessary facts upon which your answers to these interrogatories are based.

**RESPONSE:**

9.     Has this Defendant undergone any investigation of the incident made the basis of this suit (including any inquiry into the identity of the driver of the commercial motor vehicle involved in this accident)?  If so, please provide:

      a.     who conducted the investigation;

      b.     what the investigation consisted of, including names of witnesses interviewed, items analyzed, etc.;

      c.     any conclusions drawn or facts discovered during the investigation;

      c.     whether pictures were taken;

     d.     what evidence was collected; and

     e.     the name and address of the driver of the commercial motor vehicle

          involved in this incident.

**RESPONSE:**

## <u>REQUESTS FOR PRODUCTION</u>

1.     Please produce all documents that you referenced or upon which you relied in formulating your responses to Plaintiff's First Continuing Interrogatories.

**RESPONSE:**

2.     Please produce a copy of all documents you intend to introduce into evidence at trial.

**RESPONSE:**

3.     Please produce all written or otherwise recorded statements taken by you or on your behalf or that are in your possession, custody, or control, that relate or refer to the events giving rise to this action.

**RESPONSE:**

4.     Please produce a copy of the policies of insurance in effect at the time of the incident made the basis of this suit.

**RESPONSE:**

5.     Please produce a color copy of any and all photographs of the vehicle involved made the basis of this suit.

**RESPONSE:**

6.      Please produce a copy of any and all repair estimates regarding the vehicle made
the basis of this suit.

**RESPONSE:**

7.      Please produce a copy of the adjuster's entire claim file regarding the incident made
the basis of this suit.

**RESPONSE:**

8.      Please produce a copy of all documents received pursuant to any subpoena requests.

**RESPONSE:**


Submitted alongside the Plaintiff's Complaint on this 9th day of Dec., 2021:

                                        **FARRIS, RILEY & PITT, L.L.P.**

                                        /s/  Kirby D. Farris
                                        Kirby D. Farris (FAR030)
                                        *Attorney for the Plaintiff*

                                        /s/ Jessica M. Zorn
                                        Jessica M. Zorn (ZOR001)
                                        *Attorney for the Plaintiff*

OF COUNSEL:

**Farris, Riley & Pitt LLP**
The Financial Center
505 20th Street North
Suite 1700
Birmingham, Alabama 35203
Tel: (205) 324-1212
Fax: (205) 324-1255
*kfarris@frplegal.com*
*jzorn@frplegal.com*

7

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
ALONGSIDE THE CONCURRENTLY FILED COMPLAINT:


Geico Casualty Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104


Schneider National Bulk Carriers, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104


*/s/ Jessica M. Zorn*
Jessica M. Zorn (ZOR001)
*Attorney for the Plaintiff*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2021-903593.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## ALICIA CATLEDGE V. GEICO CASUALTY COMPANY ET AL

**NOTICE TO:** SCHNEIDER NATIONAL BULK CARRIERS, INC., 2 N. JACKSON ST., STE 605 C/O CT CORPORATION SYSTEM, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JESSICA MARIE ZORN

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 505 20TH STREET NORTH, SUITE 1700, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ALICIA CATLEDGE
pursuant to the Alabama Rules of the Civil Procedure.      *[Name(s)]*

| 12/09/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JESSICA MARIE ZORN

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

| *(Name of Person Served)* | | *(Name of County)* |
|---|---|---|

Alabama on _____ .

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |



# NOTICE TO CLERK

## REQUIREMENTS FOR COMPLETING SERVICE BY
## CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
ALICIA CATLEDGE V. GEICO CASUALTY COMPANY ET AL

01-CV-2021-903593.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $18.32

Parties to be served by Certified Mail - Return Receipt Requested

GEICO CASUALTY COMPANY                                        Postage: $9.16
2 N. JACKSON ST., STE 605
C/O CT CORP. SYSTEM
MONTGOMERY, AL 36104

SCHNEIDER NATIONAL BULK CARRIERS, INC.                       Postage: $9.16
2 N. JACKSON ST., STE 605
C/O CT CORPORATION SYSTEM
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GEICO CASUALTY COMPANY
2 N. JACKSON ST., STE 605
C/O CT CORP. SYSTEM
MONTGOMERY, AL 36104

9590 9402 6456 0346 7036 53

7021 2720 0003 4530 3647

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

S/C

CV-21-903593

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

7021 2720 0003 4530 3647

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SCHNEIDER NATIONAL BULK CARRIERS, INC.

2 N. JACKSON ST., STE 605
C/O CT CORPORATION SYSTEM
MONTGOMERY, AL 36104

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

S/C

CV-21-903593

9590 9402 6456 0346 7036 60

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7021 2720 0003 4530 3654

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X   □ Agent  □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

DEC 1 3 2021

1. Article Addressed to:

SCHNEIDER NATIONAL BULK CARRIERS, INC.

2 N. JACKSON ST., STE 605

C/O CT CORPORATION SYSTEM

MONTGOMERY, AL 36104

D. Is delivery address different from item 1?  □ Yes
If YES, enter delivery address below:  □ No

S/C

CV-21-903593



9590 9402 6456 0346 7036 60

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☒ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
(over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
☒ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7021 2720 0003 4530 3654

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

USPS TRACKING #

MONTGOMERY AL 360

18 DEC 2021 PM 2 L

9590 9402 6456 0346 7036 60

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

DEC 17 2021

JACQUELINE ANDERSON SMITH
CLERK

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203



AlaFile E-Notice

01-CV-2021-903593.00

Judge: CAROLE C. SMITHERMAN

To: ZORN JESSICA MARIE
    jzorn@frplegal.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ALICIA CATLEDGE V. GEICO CASUALTY COMPANY ET AL
01-CV-2021-903593.00

The following matter was served on 12/13/2021

**D002 SCHNEIDER NATIONAL BULK CARRIERS, INC.**

**Corresponding To**

CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

DOCUMENT 40

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GEICO CASUALTY COMPANY
2 N. JACKSON ST., STE 605
C/O CT CORP. SYSTEM
MONTGOMERY, AL 36104



9590 9402 6456 0346 7036 53

2. Article Number (Transfer from service label)

7021 2720 0003 4530 3647

## *COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X  Jenni____ calewood          ☐ Agent
                                ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
                                  DEC 1 3 2021

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

S/C

CV-21-903593

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Mail
☐ ____ Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt



USPS TRACKING #

MONTGOMERY AL 360

19 DEC 2021 PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6456 0346 7036 53

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

DEC 17 2021

JACQUELINE ANDERSON SMITH
CLERK

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203



AlaFile E-Notice

01-CV-2021-903593.00

Judge: CAROLE C. SMITHERMAN

To:  ZORN JESSICA MARIE
     jzorn@frplegal.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ALICIA CATLEDGE V. GEICO CASUALTY COMPANY ET AL
01-CV-2021-903593.00

The following matter was served on 12/13/2021

**D001 GEICO CASUALTY COMPANY**

**Corresponding To**

CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-903593.00

Judge: CAROLE C. SMITHERMAN

To:  FARRIS KIRBY DEE
     kfarris@frplegal.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ALICIA CATLEDGE V. GEICO CASUALTY COMPANY ET AL
01-CV-2021-903593.00

The following matter was served on 12/13/2021

**D001 GEICO CASUALTY COMPANY**

**Corresponding To**

CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-903593.00

Judge: CAROLE C. SMITHERMAN

To: FARRIS KIRBY DEE
kfarris@frplegal.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ALICIA CATLEDGE V. GEICO CASUALTY COMPANY ET AL
01-CV-2021-903593.00

The following matter was served on 12/13/2021

**D002 SCHNEIDER NATIONAL BULK CARRIERS, INC.**

**Corresponding To**

CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov